# <u>EXHIBIT B</u>

FILED - 11/24/2020 5:42 PM
2020-DCL-05830 / 48409175
ELVIRA S. ORTIZ
Cameron County District Clerk
By Susana Anzaldua Deputy Clerk

CAUSE NO.: 2020-DCL-05830

| | | |
|---|---|---|
| SANTIAGO ESEQUIEL CASTILLO | § | IN THE _____ JUDICIAL DISTRICT |
| | § | Cameron County - 445th District Court |
| | § | |
| VS. | § | COURT OF |
| | § | |
| | § | |
| AARON'S, INC. AND JAMES M. DAY, JR. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SANTIAGO ESEQUIEL CASTILLO, hereinafter referred to as Plaintiff, and files this, her Original Petition against AARON'S INC. and JAMES M. DAY, JR. hereinafter referred to as Defendants, and for cause of action will show the Court the following:

### DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

2. Plaintiff is seeking monetary relief from Defendants in an amount that is more $200,000.00, but less than $1,000,000.00.

### PARTIES

3. Plaintiff Santiago Ezequiel Castillo is an individual who resides in Los Fresnos, Cameron County, Texas.

4. Defendant Aaron's, Inc. (Aaron's) is a corporation from Georgia that does business as a furniture store in Brownsville, Texas. Defendant Aaron's, Inc. may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

5. James M. Day, Jr. (Day) is an individual who lives in Texas. He may be served with process at his place of residence, 511 W. French Place, San Antonio, Texas 78212-3653.

## VENUE AND JURISDICTION

6. The incident described hereinbelow or events giving rise to Plaintiff's claim against Defendant arose in Brownsville, Cameron County, Texas. Venue for this cause of action therefore lies in Cameron County, Texas.

7. The amount of damages that Plaintiff is seeking from Defendant is within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

## FACTS

8. On May 4, 2020, at approximately 10:30 a.m., Plaintiff was shopping at Defendant's Aaron's Furniture Store located in Brownsville, Cameron County, Texas. As Plaintiff walking in the store, he tripped, fell to the floor, and suffered injuries and damages. An electrical plug receptacle existed in the floor. The top of the receptacle lacked a cover, creating a hole in the floor or an uneven walking surface where the receptacle was positioned in the floor. The hole in the floor caused Plaintiff trip, fall, and suffer injuries and damages. After Plaintiff tripped and fell, he reported the incident to the store manager. The manager told Plaintiff "the outlet is not up to code". Day leased the store premises to Aaron's without a cover existing on the receptacle and/or the receptacle not complying with the applicable building codes. The receptacle that was positioned in the floor without a cover was a dangerous condition that existed on the store premises. The dangerous condition existed on the store premises for months and/or years before it caused Plaintiff to trip and fall. Aaron's employees were in constant close proximity to the dangerous condition during the lengthy period of time that it existed on the store premises. Aaron's employees knew the dangerous condition existed on the store premises before and at the time that it caused Plaintiff to trip and fall.

## CAUSE OF ACTION BASED ON
## PREMISES LIABILITY LAW AND PROXIMATE CAUSE

9. At all time that is material to the incident described hereinabove and this case, Defendants were negligent under premises liability law in that: A. Plaintiff was a business

2

invitee, B. Defendants owned, possessed, and/or controlled the premises where the incident described hereinabove occurred, C. A condition on the premises, the top of the receptacle in the floor that lacked a cover, the hole in the floor created by the uncovered receptacle, and/or the uneven walking surface of the floor, as described in the preceding paragraph, posed an unreasonable risk of harm, D. Defendants knew or reasonably should have known of the danger posed by the condition, and E. Defendants breached their duties of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by Defendants was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

## DAMAGES

10. As a proximate cause of the negligence of Defendants in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, will suffer a loss of earning capacity in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendants in an amount that is more $200,000.00, but less than $1,000,000.00, as compensation for his damages.

## VICARIOUS LIABILITY

11. At all time that is material to the incident described hereinabove and this case, Defendant's employees and/or agents acted within the course, scope, and authority of their employment and/or agency relationship with Defendants. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## JOINT AND SEVERAL LIABILITY

12. Plaintiff requests that Defendants be held jointly and severally liable to Plaintiff for all of Plaintiff's damages alleged herein.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

13. Plaintiff further sues Defendants herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

## REQUEST FOR JURY AND JURY FEE

14. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, he have judgment against Defendants for all of his damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in his behalf expended.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com


MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff

4

CAUSE NO.: <u>2020-DCL-05830</u>

| | | |
|---|---|---|
| SANTIAGO ESEQUIEL CASTILLO | § | IN THE <u>445TH</u> JUDICIAL DISTRICT |
| | § | |
| | § | |
| VS. | § | COURT OF |
| | § | |
| | § | |
| AARON'S, L.L.C. AND JAMES M. DAY, JR. | § | CAMERON COUNTY, TEXAS |

<u>PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SANTIAGO ESEQUIEL CASTILLO, hereinafter referred to as Plaintiff, and files this, his First Amended Original Petition against AARON'S, L.L.C. and JAMES M. DAY, JR. hereinafter referred to as Defendants, and for cause of action will show the Court the following:

<u>DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)</u>

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

<u>CLAIM FOR RELIEF</u>

2. Plaintiff is seeking monetary relief from Defendants in an amount that is more $200,000.00, but less than $1,000,000.00.

<u>PARTIES</u>

3. Plaintiff Santiago Esequiel Castillo is an individual who resides in Los Fresnos, Cameron County, Texas.

4. Defendant Aaron's, L.L.C. (Aaron's) is a corporation from Georgia that does business as a furniture store in Brownsville, Texas. Defendant Aaron's, L.L.C. has been served with process and filed an answer in this case.

5. James M. Day, Jr. (Day) is an individual who lives in Texas. He may be served with process at his place of residence, 511 W. French Place, San Antonio, Texas 78212-3653.

## VENUE AND JURISDICTION

6. The incident described hereinbelow or events giving rise to Plaintiff's claim against Defendants arose in Brownsville, Cameron County, Texas. Venue for this cause of action therefore lies in Cameron County, Texas.

7. The amount of damages that Plaintiff is seeking from Defendants is within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

## FACTS

8. On May 4, 2020, at approximately 10:30 a.m., Plaintiff was shopping at Defendants' Aaron's Furniture Store located in Brownsville, Cameron County, Texas. As Plaintiff walking in the store, he tripped, fell to the floor, and suffered injuries and damages. An electrical plug receptacle existed in the floor. The top of the receptacle lacked a cover, creating a hole in the floor or an uneven walking surface where the receptacle was positioned in the floor. The hole in the floor caused Plaintiff trip, fall, and suffer injuries and damages. After Plaintiff tripped and fell, he reported the incident to the store manager. The manager told Plaintiff "the outlet is not up to code". Day leased the store premises to Aaron's without a cover existing on the receptacle and/or the receptacle not complying with the applicable building codes. The receptacle that was positioned in the floor without a cover was a dangerous condition that existed on the store premises. The dangerous condition existed on the store premises for months and/or years before it caused Plaintiff to trip and fall. Aaron's employees were in constant close proximity to the dangerous condition during the lengthy period of time that it existed on the store premises. Aaron's employees knew the dangerous condition existed on the store premises before and at the time that it caused Plaintiff to trip and fall.

## CAUSE OF ACTION BASED ON
## PREMISES LIABILITY LAW AND PROXIMATE CAUSE

9. At all time that is material to the incident described hereinabove and this case, Defendants were negligent under premises liability law in that: A. Plaintiff was a business invitee, B. Defendants owned, possessed, and/or controlled the premises where the incident described hereinabove occurred, C. A condition on the premises, the top of the receptacle in the floor that lacked a cover, the hole in the floor created by the uncovered receptacle, and/or the uneven walking surface of the floor, as described in the preceding paragraph, posed an unreasonable risk of harm, D. Defendants knew or reasonably should have known of the danger posed by the condition, and E. Defendants breached their duties of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by Defendants was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

## DAMAGES

10. As a proximate cause of the negligence of Defendants in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, will suffer a loss of earning capacity in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendants in an amount that is more $200,000.00, but less than $1,000,000.00, as compensation for his damages.

3

## VICARIOUS LIABILITY

11. At all time that is material to the incident described hereinabove and this case, Defendant's employees and/or agents acted within the course, scope, and authority of their employment and/or agency relationship with Defendants. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## JOINT AND SEVERAL LIABILITY

12. Plaintiff requests that Defendants be held jointly and severally liable to Plaintiff for all of Plaintiff's damages alleged herein.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

13. Plaintiff further sues Defendants herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

## REQUEST FOR JURY AND JURY FEE

14. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, he have judgment against Defendants for all of his damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in his behalf expended.

4

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com

MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I, Michael J. Cisneros, hereby certify on this 20th of January, 2021, Plaintiff's First

Amended Original Petition was served on counsel for Defendant Aaron, L.L.C. via electronic

mail.

MICHAEL J. CISNEROS

5

CAUSE NO.: <u>2020-DCL-05830</u>

| | | |
|---|---|---|
| SANTIAGO ESEQUIEL CASTILLO | § | IN THE <u>445TH</u> JUDICIAL DISTRICT |
| | § | |
| | § | |
| VS. | § | COURT OF |
| | § | |
| | § | |
| AARON'S, L.L.C. AND JAMES M. DAY, JR. | § | CAMERON COUNTY, TEXAS |

<u>PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SANTIAGO ESEQUIEL CASTILLO, hereinafter referred to as Plaintiff, and files this, his First Amended Original Petition against AARON'S, L.L.C. and JAMES M. DAY, JR. hereinafter referred to as Defendants, and for cause of action will show the Court the following:

<u>DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)</u>

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

<u>CLAIM FOR RELIEF</u>

2. Plaintiff is seeking monetary relief from Defendants in an amount that is more $200,000.00, but less than $1,000,000.00.

<u>PARTIES</u>

3. Plaintiff Santiago Esequiel Castillo is an individual who resides in Los Fresnos, Cameron County, Texas.

4. Defendant Aaron's, L.L.C. (Aaron's) is a corporation from Georgia that does business as a furniture store in Brownsville, Texas. Defendant Aaron's, L.L.C. has been served with process and filed an answer in this case.

5. James M. Day, Jr. (Day) is an individual who lives in Texas. He may be served with process at his place of residence, 511 W. French Place, San Antonio, Texas 78212-3653.

## VENUE AND JURISDICTION

6. The incident described hereinbelow or events giving rise to Plaintiff's claim against Defendants arose in Brownsville, Cameron County, Texas. Venue for this cause of action therefore lies in Cameron County, Texas.

7. The amount of damages that Plaintiff is seeking from Defendants is within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

## FACTS

8. On May 4, 2020, at approximately 10:30 a.m., Plaintiff was shopping at Defendants' Aaron's Furniture Store located in Brownsville, Cameron County, Texas. As Plaintiff walking in the store, he tripped, fell to the floor, and suffered injuries and damages. An electrical plug receptacle existed in the floor. The top of the receptacle lacked a cover, creating a hole in the floor or an uneven walking surface where the receptacle was positioned in the floor. The hole in the floor caused Plaintiff trip, fall, and suffer injuries and damages. After Plaintiff tripped and fell, he reported the incident to the store manager. The manager told Plaintiff "the outlet is not up to code". Day leased the store premises to Aaron's without a cover existing on the receptacle and/or the receptacle not complying with the applicable building codes. The receptacle that was positioned in the floor without a cover was a dangerous condition that existed on the store premises. The dangerous condition existed on the store premises for months and/or years before it caused Plaintiff to trip and fall. Aaron's employees were in constant close proximity to the dangerous condition during the lengthy period of time that it existed on the store premises. Aaron's employees knew the dangerous condition existed on the store premises before and at the time that it caused Plaintiff to trip and fall.

## CAUSE OF ACTION BASED ON
## PREMISES LIABILITY LAW AND PROXIMATE CAUSE

9. At all time that is material to the incident described hereinabove and this case, Defendants were negligent under premises liability law in that: A. Plaintiff was a business invitee, B. Defendants owned, possessed, and/or controlled the premises where the incident described hereinabove occurred, C. A condition on the premises, the top of the receptacle in the floor that lacked a cover, the hole in the floor created by the uncovered receptacle, and/or the uneven walking surface of the floor, as described in the preceding paragraph, posed an unreasonable risk of harm, D. Defendants knew or reasonably should have known of the danger posed by the condition, and E. Defendants breached their duties of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by Defendants was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

## DAMAGES

10. As a proximate cause of the negligence of Defendants in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, will suffer a loss of earning capacity in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendants in an amount that is more $200,000.00, but less than $1,000,000.00, as compensation for his damages.

3

## VICARIOUS LIABILITY

11. At all time that is material to the incident described hereinabove and this case, Defendant's employees and/or agents acted within the course, scope, and authority of their employment and/or agency relationship with Defendants. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## JOINT AND SEVERAL LIABILITY

12. Plaintiff requests that Defendants be held jointly and severally liable to Plaintiff for all of Plaintiff's damages alleged herein.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

13. Plaintiff further sues Defendants herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

## REQUEST FOR JURY AND JURY FEE

14. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, he have judgment against Defendants for all of his damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in his behalf expended.

4

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com

MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Michael J. Cisneros, hereby certify on this 20th of January, 2021, Plaintiff's First Amended Original Petition was served on counsel for Defendant Aaron, L.L.C. via electronic mail.

MICHAEL J. CISNEROS

5

FILED - 12/14/2020 4:42 PM
2020-DCL-05830 / 48936639
LAURA PEREZ-REYES
Cameron County District Clerk
By Vilma Garcia Deputy Clerk

## CAUSE NO. 2020-DCL-05830

| | |
|---|---|
| **SANTIAGO ESEQUIEL CASTILLO** | § IN THE 445TH JUDICIAL DISTRICT |
| | § |
| | § |
| | § |
| **VS.** | § COURT OF |
| | § |
| | § |
| | § |
| **AARON'S, INC. AND** | § |
| **JAMES M. DAY, JR.** | § CAMERON COUNTY, TEXAS |

### DEFENDANT AARON'S, LLC'S ORIGINAL ANSWER
### TO PLAINTIFFS' ORIGINAL PETITION

NOW COMES Defendant Aaron's, LLC (incorrectly sued as AARON'S, INC.), and files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1.      Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendant in Plaintiff's Petition.

### II.   Affirmative Defenses

2.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

HOULITIGATION:1726907.1

4.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

5.      Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6.      Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7.      To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8.      Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.   Jury Demand

9.      Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV.   Request for Disclosure

10.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in

Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

## V.   Prayer

FOR THESE REASONS, Defendant Aaron's, LLC. respectfully prays that the Court enter a judgment that:

1.      Dismisses all claims against Defendant Aaron's, LLC and orders that Plaintiff takes nothing by reason of Plaintiff's allegations.

2.      Orders that Defendant Aaron's, LLC recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

a. Costs of suit; and

b. Such other and further relief, general and special, at law or in equity, to which Defendant Aaron's, LLC may be justly entitled.

Respectfully submitted,

**MEHAFFYWEBER, P.C.**

By:*/s/ Maryalyce W. Cox*
Maryalyce W. Cox
State Bar No. 24009203
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com
**ATTORNEY FOR DEFENDANT
AARON'S, LLC.**

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on this the 14th day of December, 2020, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox

3

HOULITIGATION:1726907.1